UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 22-60243-CR-DIMITROULEAS

UNITED STATES OF AMERICA

vs.

EDWARD KEYSHAWN DARLING,

        Defendant.
_____/

## FACTUAL PROFFER

The United States of America (the "United States") and Defendant Edward Keyshawn Darling ("Defendant") agree that, were this case to proceed to trial, the United States would prove beyond a reasonable doubt the following facts, among others, which occurred in the Southern District of Florida and elsewhere:

1. The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that, among other things, provided financial assistance to small businesses and certain other entities that suffered substantial economic injury because of a declared disaster. Such assistance included government-backed loans made through the SBA's Economic Injury Disaster Loan ("EIDL") program.

2. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 that was designed to provide emergency financial assistance to the millions of Americans who were suffering from the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the expansion

of the EIDL program to provide loans up to $150,000, and additional advance funds of up to $10,000, for small businesses experiencing a temporary loss of revenue due to the pandemic.

3. To qualify for an EIDL authorized by the CARES Act, applicants had to be: (1) a business, cooperative, or agricultural enterprise with 500 or fewer employees, a faith-based organization, a private non-profit, or a sole proprietorship or independent contractor; (2) physically located in the United States or a designated territory; and (3) have suffered working capital losses due to the COVID-19 pandemic. EIDL proceeds could have been used to pay fixed debts, payroll, accounts payable, and other bills that could have been paid had the disaster not occurred; however, such loan proceeds were not intended to replace lost sales or profits, or for the expansion of a business.

4. EIDL funds were issued directly from the United States Treasury, and applicants applied for EIDL funds directly through the SBA via an online portal and application. The EIDL application process collected information concerning the business and the business owner, including: information about the gross revenues for the business prior to January 31, 2020; and the cost of goods sold. Applicants electronically certified that the information provided was true and accurate and were warned that any false statement or misrepresentations to the SBA, or any misapplication of loan proceeds may result in sanctions, including criminal penalties. EIDL applications were received in and processed using computer servers located in the states of Iowa, Virginia, and Washington. EIDL disbursement payments were initiated by the SBA using computer servers located in the state of Colorado, which transmitted the payment information to the Treasury using computer servers located in the state of Virginia.

5.  From in or around June 2020, through in or around November 2020, in Broward County and elsewhere, Defendant knowingly and willfully agreed and conspired with Co-Conspirator 1 to accomplish a shared and unlawful plan to commit wire fraud, that is, to obtain the proceeds of a loan through the EIDL program for Defendant's use and benefit purportedly on behalf of the entity "Edward Darling llc" by means of materially false and fraudulent presentations and promises to the SBA, and to carry out such plan by means of wire communications in interstate commerce.

6.  Specifically, on June 29, 2020, Defendant sent text messages to Co-Conspirator 1 that included Defendant's full name, address, social security number, date of birth, cell phone number, email address, and a bank account number and routing number for a bank account at Bank 1 ending in 2318 in Defendant's name. Defendant sent such information to Co-Conspirator 1 knowingly and intending to cause Co-Conspirator 1 to submit electronically an application to the SBA for an EIDL loan on Defendant's behalf for "Edward Darling llc," which Defendant further knew was a fictitious entity that was not entitled to an EIDL because, among other reasons, "Edward Darling llc" did not conduct any business whatsoever.

7.  On June 30, 2020, the SBA received an application for a loan under the EIDL program on behalf of "Edward Darling llc," which represented that Defendant was the manager and 100% owner of the company, and included Defendant's social security number, date of birth, cell phone number, email address, and mailing address. The EIDL application falsely stated the following information, among other misrepresentations, about "Edward Darling llc:" 2019 gross revenue of $775,000; 25 employees; a business open date of 05/06/2017; an ownership start date of 06/30/2016; and a business category of "Limousine & Transportation."

8. As a result of the false and fraudulent EIDL application and information submitted and caused to be submitted by Defendant and Co-Conspirator 1, the SBA approved EIDL advance funds for "Edward Darling llc," and disbursed such advance funds in the approximate amount of $10,000 to Defendant's bank account at Bank 1 ending in 2318, via interstate wire transmission, on or about July 2, 2020.

9. Furthermore, as a result of the false and fraudulent EIDL application and information submitted and caused to be submitted by Defendant and Co-Conspirator 1, the SBA approved SBA Loan number 4890958101 to "Edward Darling llc" in the amount of $150,000, and disbursed the loan proceeds in the approximate amount of $149,900 to Defendant's account at Bank 1 ending in 2318, via interstate wire transmission, on or about August 3, 2020.

10. As a result of Defendant's participation in the conspiracy, Defendant is responsible for causing an intended loss of $160,000.

11. The United States would prove the facts set forth in this proffer, among others, with documentary and testimonial evidence admissible at trial under the Federal Rules of Evidence, including, but not limited to, Defendant's recorded statements to law enforcement, records from the SBA, financial records, testimony of U.S. government officials, including agents and officers of the U.S. Department of Homeland Security and U.S. Small Business Administration, and data extracted from Defendant's cell phone, including Defendant's statements to Co-Conspirator 1 and others.

*[Remainder of Page Intentionally Blank]*

12. The United States and Defendant agree that these facts, which do not include all facts known to the United States and Defendant, are sufficient to prove beyond a reasonable doubt the elements of conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349, and that Defendant is in fact guilty of that offense as charged in Count 1 of the Indictment.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 2/21/2023    By: _____
DAVID A. SNIDER
ASSISTANT UNITED STATES ATTORNEY

Date: 2/20/2023    _____
FRANK MAISTER
ATTORNEY FOR DEFENDANT

Date: 2/20/2023    _____
EDWARD KEYSHAWN DARLING
DEFENDANT